UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DIANN KYNETT,
Plaintiff,

v.   CASE NO.: 2:18-cv-00423-JES-MRM

SAI SHYAM HOTELS, LLC,
A Florida limited liability company,
Defendant.
_____/

## MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT

COMES NOW, the Defendant by and through undersigned counsel, pursuant to Federal Rules of Civil Procedure 12(b)(6), and moves this Court to dismiss Plaintiff's Complaint and in support thereof states:

1. Plaintiff, Diann Kynett, states that she became an employee of the Defendant, Sai Shyam Hotels, LLC, on April 5, 2014, approximately four years and two months prior to the filing of this action.
2. Plaintiff alleges that she regularly worked in excess of 40 hours a week and Defendant failed to compensate her for the overtime work performed, thereby violating the Fair Labor Standards Act (FLSA).
3. Plaintiff does not provide any additional information concerning the time period at issue or when she began working more than 40 hours a week.
4. Although Rule 8 does not require a claimant to set out in detail the facts upon which she bases her claim, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009).
5. Claims brought pursuant to FLSA, "may be commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a).
6. "[A] cause of action under the Fair Labor Standards Act for unpaid minimum wages or unpaid overtime compensation and for liquidated damages "accrues" when the employer fails to pay the required compensation for any workweek at the regular pay day for the period in which the workweek ends." 29 CFR §790.21(b).
7. Plaintiff has failed to allege the date on which she began working overtime hours or provide any information concerning the dates for which she is requesting relief.

8. Plaintiff simply alleges "all times material hereto" but does not indicate what the relevant time period is for the alleged violations.
9. Without this information, Defendant is unable to determine with certainty the time barred portion of Plaintiff's claim, and the timely portion of Plaintiff's claim.
10. If this Court determines that the two year statute of limitations applies, any wages that accrued prior to June 15, 2016 will be barred. If this Court determines that the three year statute of limitations applies, any wages that accrued prior to June 15, 2015 will be barred.
11. Without more detailed allegations, Defendant is unable to defend itself and determine what time frames at issue, if any, are barred by the statute of limitations.

WHEREFORE, Defendant moves this Court for an Order dismissing Plaintiff's Complaint or requiring Plaintiff to provide a more definite statement.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by email to Noah Storch at noah@floridaovertimelawyer.com this 6th day of July 2018.

DUNCAN & ASSOCIATES, P.A.
Attorneys for Defendant
P. O. Box 249
Fort Myers, Florida 33902
Telephone: 239/334-4574
Primary email:
Gordon@duncanassociatesfl.com
Secondary email:
joyce@duncanassociatesfl.com

By: _____
Gordon R. Duncan
Florida Bar No. 258563