UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DIANN KYNETT,

    Plaintiff,

v.                                                     Case No.:   2:18-cv-423-JES-MRM

SAI SHYAM HOTELS, LLC,
A Florida Limited Liability Company,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

The parties filed a Joint Motion for Approval of Settlement and Dismissal of the Case with Prejudice and Supporting Memorandum of Law on October 17, 2019.  (Doc. 47).  Plaintiff Diann Kynett and Defendant Sai Shyam Hotels, LLC, jointly request that the Court approve the terms of their proposed Settlement Agreement and Fair Labor Standards Act ("FLSA") Release and dismiss the matter with prejudice.  (*Id*. at 1).  The proposed Settlement Agreement is attached as Exhibit A to the parties' motion.  (*See* Doc. 47-1).  After a careful review of the parties' submissions and the court file, the Undersigned respectfully recommends that the presiding United States District Judge **APPROVE** the proposed settlement.

## LEGAL STANDARD

To approve the settlement of FLSA claims, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA.  *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216.  There are two ways for a claim under the FLSA to be settled or compromised.  *Id*. at 1352-53.  The first is under 29 U.S.C. § 216(c), providing for the Secretary

of Labor to supervise the payments of unpaid wages owed to employees. *Id*. at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id*. When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit has found settlements to be permissible when employees bring a lawsuit under the FLSA for back wages. *Id.* at 1354. The Eleventh Circuit held:

> [A lawsuit] provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

## CLAIMS AND DEFENSES

In the Complaint, Plaintiff alleges that Defendant hired her to work as a non-exempt hourly front desk employee at its Motel 6 property from April 5, 2014 until May 6, 2018. (Doc. 1 at 3). Plaintiff alleges that during her employment with the Defendant, Plaintiff was required to perform work for which she was not compensated. (*Id.*). Specifically, Plaintiff alleges that during her employment she regularly worked in excess of forty (40) hours within a work week and averaged sixty (60) or more hours worked per week. (*Id.*). Plaintiff maintains that Defendant failed to pay her for her overtime hours worked at time and one half her regular pay as well as failing to maintain proper time records as required under the FLSA. (*Id*. at 3-4). Plaintiff

2

states prior to filing this lawsuit Defendant did not consult with an attorney, the DOL, or an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime hours she worked under the FLSA. (*Id*.). Plaintiff alleges, "Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when it knew, or should have known, such was, and is due." (*Id*. at 5). Plaintiff asks the Court for relief, alleging that "[d]ue to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered, and continues to suffer, damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages." (*Id*.). She also requests an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b). (*Id*.). On July 6, 2019, Defendant responded by filing a Motion to Dismiss or for a More Definite Statement (Doc. 6) followed by a Notice of Withdrawal of Motion to Dismiss or for More Definite Statement (Doc. 10). On August 10, 2019, Defendant filed its answer, denied liability, and asserted as an affirmative defense that Defendant is entitled to a 3(m) credit for lodging provided to Plaintiff. (*See* Doc. 12).

## ANALYSIS OF THE PROPOSED SETTLEMENT

*Bona Fide Dispute*

As a threshold matter, the Undersigned finds that a bona fide dispute exists between the parties. As the parties adequately explain in their joint motion:

> Plaintiff alleges that she worked as an hourly paid non-exempt employee, and that while she worked in excess of forty (40) hours per week, Defendant failed to pay her full and proper overtime compensation for all hours worked over forty (40) per week. The Defendant denies Plaintiff's allegations and whether she is entitled to any relief whatsoever and maintains that Plaintiff was fully

3

> compensated for all hours that she worked for Defendant. Defendant also contends that any alleged overtime owed to Plaintiff, is to be set off based on the fact that Defendant provided Plaintiff with housing. The Defendant also contends that there is no liability for liquidated damages because its actions were in good faith and it had reasonable grounds to believe their acts, practices or omissions were not a violation of the FLSA as provided at 29 U.S.C. §541.200 and 29 U.S.C. §541.203.
>
> After considering the above dispute, the Parties agreed to a settlement of Plaintiff's claims. The Parties have exchanged pay records and made calculations regarding back pay. After consideration of Plaintiff's allegations and the Defendant's defenses, the Parties agreed pursuant to the Settlement Agreement and FLSA Release that Plaintiff will receive wages for alleged time spent over and above forty (40) hours in a workweek and an equivalent amount for liquidated damages.

(Doc. 47 at 3-4). For all of these reasons, it is clear that the parties have a bona fide dispute in this case. Thus, the question becomes whether the terms of the proposed settlement are fair and reasonable. The Undersigned addresses the monetary terms and the attorneys' fees separately below.

*Monetary Terms*

As indicated above, Plaintiff alleged in the Complaint that she regularly worked in excess of forty (40) hours within a work week averaging sixty (60) or more hours a week. (Doc. 1 at 3). In her answer to the Court's interrogatories, Plaintiff estimated her damages to be $45,300.00 (unliquidated damages) and $90,600.00 (liquidated damages). (Doc. 15 at 4). Under the proposed Settlement Agreement, however, Plaintiff will receive a total settlement in the amount of $25,000, comprised of $12,500 in alleged unpaid overtime wages and $12,500 in liquidated damages. (Docs. 47 at 2, 4, 47-1 at 2).

The parties attempt to explain the disparity between the proposed settlement amount and Plaintiff's earlier damages estimates by stating that there has been sufficient investigation and

exchange of information in this matter to agree that Plaintiff's probability of success here is uncertain and the range of possibility of recovery is open to dispute. (Doc. 47 at 5). The parties state:

> Even if Plaintiff succeeds on the merits of her claim, which would require substantial additional time and exercise of resources by both Parties, the exact amount of her recovery is uncertain. It will be difficult for Plaintiff to prove the precise number of overtime hours worked. In light of the uncertainty of the amounts, if any, Plaintiff would recover if she were to continue litigating his claims, the Court should find that the settlement is fair and reasonable. Finally, all Parties were represented by counsel who have experience litigating FLSA claims. The Parties weighed the opinions of their counsel in deciding whether to settle.

*Id*. The Undersigned finds the parties' explanation of the discrepancy between Plaintiff's early estimates of her damages and the ultimate settlement amount to be paid to Plaintiff to be persuasive, fair, and reasonable. Thus, the Undersigned finds the proposed monetary terms of settlement are a fair and reasonable resolution of the bona fide dispute in this case.

*Attorney's Fees*

The proposed settlement includes an agreement that Defendant pay Plaintiff's attorney's fees and costs in the amount of $10,000.00. (Doc. 47 at 2, 4, 47-1 at 2-3). The parties state, Plaintiff's attorney's fees and costs were "negotiated separately and without regard to the amount being paid to Plaintiff under the terms of the Settlement Agreement and FLSA Release." (Doc. 47 at 7).

As explained in *Bonetti v. Embarq Management Company*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the

lawyer's fee has influenced the reasonableness of the plaintiff's settlement." In *Bonetti*, the Court concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

715 F. Supp. 2d at 1228.

In the instant case, a settlement was reached and the attorneys' fees were agreed upon without compromising the amount paid to Plaintiff. (*See* Doc. 47 at 7). The Undersigned finds, therefore, that the proposed settlement of Plaintiff's attorneys' fees and costs is fair and reasonable. Upon consideration of all the foregoing, the Undersigned finds and recommends that the proposed settlement in this case is fair and reasonable, and the proposed settlement should be approved by the Court.

## CONCLUSION

Based upon the foregoing, the Undersigned respectfully **RECOMMENDS** that:

1. The Joint Motion for Approval of Settlement and Dismissal of the Case with Prejudice and Supporting Memorandum of Law (Doc. 47) be **GRANTED**.

2. The Settlement Agreement (Doc. 47-1) be approved by the Court as a fair and reasonable resolution of a bona fide dispute of the parties' FLSA dispute.

3. If the presiding District Judge adopts this Report and Recommendation, then the Clerk of Court be directed to dismiss this action with prejudice, terminate all pending motions, and close the file.

Respectfully recommended in Chambers in Ft. Myers, Florida on November 30, 2019.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties